# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| OSVALDO JIMENEZ CABRERA, | ) | |
| Plaintiff(s), | ) | Case No. 2:13-cv-00056-LDG-NJK |
| | ) | |
| vs. | ) | ORDER IMPOSING SANCTIONS |
| | ) | |
| NEW ALBERTSON'S, INC., | ) | |
| Defendant(s). | ) | |
| | ) | |

Pending before the Court is an order to show cause why Plaintiff and his counsel (Adam Kutner and Victor Cardoza) should not be sanctioned for their failure to comply with four Court orders. *See* Docket No. 23; *see also* Docket No. 20 at 2 (prior notice to Plaintiff and his counsel that the Court was considering sanctions for failure to comply with a Court order). The Court held a hearing on that matter on July 17, 2013, at which time it discharged the order to show cause as it related to Plaintiff himself. *See* Docket No. 26. With respect to sanctions against Mr. Kutner and Mr. Cardoza, the Court hereby rules as follows.

Attorneys are required to follow Court orders. Rule 16(f)[1] requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.[2]   Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).  Rule 16(f) "was designed not only to insure expeditious and sound management of the preparation of cases for trial but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)). Indeed, the rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc).

Plaintiff's counsel failed to comply with at least four Court orders. *See* Docket No. 23 (identifying Docket Nos. 14, 18-20).[3]  These orders include an order compelling discovery, *see* Docket No. 14, and an order requiring Plaintiff to appear at the hearing held on July 10, 2013, Docket No. 20.  At the hearing held on July 10, 2013, Mr. Cardoza candidly admitted that there is "no justifiable reason" for failing to comply with the Court's orders. 7/10/13 Hearing Recording at 3:14 p.m.  The gist of Mr. Cardoza's explanation for the failure to comply is that he relies on his staff to inform him of Court orders and that they did not do so properly with respect to the orders identified above. *See, e.g., id.* at 3:17-3:18 p.m.; 7/17/13 Hearing Recording at 3:30-3:31 p.m.  Mr. Cardoza also suggested that he is generally unfamiliar with practice in Federal Court, as "99%" of

---

[2]  Similarly, Rule 37 provides for sanctions against a party that fails to comply with discovery orders.  Rule 37(b)(2)(A) states, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Moreover, this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4-1.

[3]  The Court further notes that Plaintiff's counsel failed to respond to either of Defendant's motions to compel. *See also* 7/10/13 Hearing Recording at 3:14-3:15 p.m. (Mr. Cardoza failed to inform Plaintiff about the failure to respond to the first motion to compel or the filing of the second motion to compel).

2

his cases are litigated in state court. *See* 7/17/13 Hearing Recording at 3:34 p.m. For his part, Mr. Kutner merely indicated that he relies on Mr. Cardoza to handle this matter and did not "personally" receive any emails regarding the orders issued by the Court. *Id.* at 3:31 p.m.

The Court agrees with Mr. Cardoza's assessment of the situation: there is no justifiable reason for the failure to comply with the Court's orders. In particular, <u>attorneys</u> are ultimately responsible for maintaining their CM/ECF accounts and for reviewing and responding to Court orders. *See Trustees of the Operating Eng'rs Pension Trust v. Maui One Excavating Inc.*, 2013 U.S. Dist. Lexis 65748, at *7-9 (D. Nev. May 7, 2013); *see also Local Ad Link, Inc. v. Adzzoo, LLC*, 2012 U.S. Dist. Lexis 79130, at *8 (D. Nev. Apr. 16, 2012). Notice of the relevant orders here were sent to **TEN** employees of Mr. Kutner's law firm, as well as to Mr. Cardoza's personal email account. *See, e.g.*, Docket No. 20 Notice of Electronic Filing (attached hereto).[4] With respect to the latest disobeyed order (Docket No. 20), it is clear that Mr. Cardoza's staff had notice of the hearing and input it on his calendar. *See, e.g.*, 7/17/13 Hearing Recording at 3:30-3:31 p.m. It is also clear that Mr. Cardoza personally had notice of the hearing (and the requirement that Plaintiff appear) at least 24 hours prior to the hearing. *See id.* at 3:29-3:30 p.m., 3:36-3:37 p.m. Despite the Court's warning that failure of Plaintiff to appear "may result in the imposition of sanctions, up to and including case-terminating sanctions," *see* Docket No. 20 at 2, Mr. Cardoza failed to request a continuance or to inform the Court of Plaintiff's non-appearance before the hearing began.

Having reviewed the record and considered the arguments presented, it is clear that these shortcomings were caused by Plaintiff's counsel and that sanctions beyond a warning are appropriate. The Court **ORDERS** Mr. Cardoza to pay a $1,000 Court fine and Mr. Kutner to pay a $500 Court fine. The Court believes these fines do not fully reflect the effect of counsels' misconduct on either the integrity of the Court's docket or the sanctity of Rule 16, Rule 37, and

---

[4] With respect to Mr. Kutner's CM/ECF account, the notice was emailed to: chernandez@adamskutner.com and tkelly-lamb@adamskutner.com. With respect to Mr. Cardoza's CM/ECF account, the notice was emailed to: viccar@cox.net, avardoulis@adamskutner.com, carmen@adamskutner.com, cconcannon@adamskutner.com, dmiller@adamskutner.com, escott@adamskutner.com, jdeboever@adamskutner.com, mturfley@adamskutner.com, and ssoto@adamskutner.com.

1    Local Rule IA 4-1.  Nonetheless, in this instance, the Court believes the sanction is sufficient to deter

2    similar misconduct.  The sanctions are personal to Mr. Cardoza and Mr. Kutner.  Payment shall be

3    made *within ten days* as a Court fine to the "Clerk, U.S. District Court."  Mr. Cardoza and Mr.

4    Kutner shall submit proof of payment to the undersigned Judge's chambers within five days of

5    payment.

6         In addition to the Court fine, the Court **ORDERS** Mr. Cardoza to read the Local Rules of

7    Practice for the United States District Court for the District of Nevada in their entirety, as well as

8    Special Order No. 109 (including the attached "Electronic Filing Procedures") in its entirety, and to

9    submit a declaration stating that he has done so no later than July 30, 2013.[5]

10        Lastly, the Court takes Plaintiff's attorneys at their word that they have remedied the situation

11   so that future Court orders will be obeyed.  The Court expects strict compliance with all Court orders

12   in the future and again cautions counsel that future disobedience may result in severe sanctions, up to

13   and including case-dispositive sanctions.

14        IT IS SO ORDERED.

15        DATED:  July 19, 2013.

16

17                                    NANCY J. KOPPE
                                      United States Magistrate Judge
18

19

20

21

22

23

24   _____

25        [5]  The sanctions available to the Court include requiring counsel to undertake the steps required
     to prepare himself to practice in this Court.  *See 4 Exotic Dancers v. Spearmint Rhino*, 2009 U.S. Dist.
26   Lexis 9841, at *1 n.1 (C.D. Cal. Jan. 29, 2009) (requiring counsel to read the local rules, electronic filing
     procedures, and orders regarding motion practice and procedure, and to file a declaration indicating that
27   he had done so); *see also Kwok v. Reconstrust Co., N.A.*, 2010 U.S. Dist. Lexis 128063, *5-6 (D. Nev.
     Nov. 19, 2010) (sanctions available include, *inter alia*, "requiring participation in CLE courses,
28   seminars, and other educational programs").

                                           4

```
MIME-Version:1.0
From:cmecf@nvd.uscourts.gov
To:cmecfhelpdesk@nvd.uscourts.gov
Bcc:
--Case Participants: Adam S. Kutner (chernandez@adamskutner.com, tkelly-
lamb@adamskutner.com), Victor M. Cardoza (avardoulis@adamskutner.com,
carmen@adamskutner.com, cconcannon@adamskutner.com, dmiller@adamskutner.com,
escott@adamskutner.com, jdeboever@adamskutner.com, mturfley@adamskutner.com,
ssoto@adamskutner.com, viccar@cox.net), Lewis W. Brandon, Jr
(d.nocedal@moranlawfirm.com, l.brandon@moranlawfirm.com), Judge Lloyd D. George
(ldg_chambers@nvd.uscourts.gov), Magistrate Judge Nancy J. Koppe
(katie_blakey@nvd.uscourts.gov, nancy_koppe@nvd.uscourts.gov,
njk_chambers@nvd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<6253684@nvd.uscourts.gov>
Subject:Activity in Case 2:13-cv-00056-LDG-NJK Cabrera v. New Albertsons, Inc. Order
on Motion to Compel
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

### United States District Court

### District of Nevada

#### Notice of Electronic Filing

The following transaction was entered on 7/1/2013 at 7:06 AM PDT and filed on 6/28/2013
**Case Name:**       Cabrera v. New Albertsons, Inc.
**Case Number:**     2:13-cv-00056-LDG-NJK
**Filer:**
**Document Number:** 20

**Docket Text:**
**ORDER Granting [16] Motion to Compel Discovery Responses and Request for
Sanctions. Declaration due by 7/3/2013. Responses due by 7/9/2013. Motion Hearing set
for 7/10/2013 03:00 PM in LV Courtroom 3D before Magistrate Judge Nancy J. Koppe.
Signed by Magistrate Judge Nancy J. Koppe on 6/28/2013. (Copies have been
distributed pursuant to the NEF - SLR)**


**2:13-cv-00056-LDG-NJK Notice has been electronically mailed to:**

Adam S. Kutner   chernandez@adamskutner.com, tkelly-lamb@adamskutner.com

Lewis W. Brandon, Jr   d.nocedal@moranlawfirm.com, l.brandon@moranlawfirm.com

Victor M. Cardoza   viccar@cox.net, avardoulis@adamskutner.com, carmen@adamskutner.com,

cconcannon@adamskutner.com, dmiller@adamskutner.com, escott@adamskutner.com, jdeboever@adamskutner.com, mturfley@adamskutner.com, ssoto@adamskutner.com

**2:13-cv-00056-LDG-NJK Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=7/1/2013] [FileNumber=6253682-0]
[b66193dcc07497744dfde94ad1e01afa7ff45a15b4bc11c5bdfc7e01662eb18fda1e
e06a60d2311e869cd277d1bbbe71be24d92c1242ac17b8a5dbe8f9365741]]